IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN MENSAH FORREST, ) <br> AIS #233218, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELMORE CORRECTIONAL FACILITY, ) <br> ) <br>     Defendant. ) | CASE NO. 2:16-CV-662-WKW |

**RECOMMENATION OF THE MAGISTRATE JUDGE**

Jonathan Mensah Forrest ("Forrest"), an indigent state inmate, initiated this 42 U.S.C. § 1983 action on August 12, 2016. After reviewing the complaint and finding that Forrest had failed to name a proper defendant, the court determined that Forrest should be provided an opportunity to file an amended complaint to correct this deficiency. In light of the foregoing, the court issued an order explaining this deficiency and providing Forrest specific instructions with respect to filing the amended complaint. *Order of August 24, 2016 - Doc. No. 6*. The court specifically advised Forrest "***that this case will proceed only against the defendants named and claims presented in the amended complaint***" and cautioned him that his failure to comply with the directives of this order would result in a Recommendation that this case be dismissed. *Id*. at 2.

The time allowed Forrest to file the amended complaint expired on October 5, 2016. *See Order of September 22, 2016 - Doc. No.* 9. As of the present date, Forrest has failed to file an amended complaint as required by this court. Due to Forrest's failure to file the

requisite amended complaint, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint as ordered by this court.

The plaintiff may file objections to the Recommendation **on or before October 27, 2016.** The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. The plaintiff is advised that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

 DONE this 13th day of October, 2016.

               /s/ Wallace Capel, Jr.
               UNITED STATES MAGISTRATE JUDGE